IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-69-BO

| | | |
|---|---|---|
| ORLANDO CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CURTIS RHYNE, and | ) | |
| WILLIE PRIDGEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 8]. For the reasons stated herein, the defendants' motion is GRANTED.

## DISCUSSION

Where a plaintiff is proceeding *pro se* the Court must consider the claims presented to it in a different light than it might consider the filings of professional attorneys. Although the Court must liberally construe pleadings submitted by *pro se* claimants, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Well v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, the plaintiff's complaint essentially states a claim for relief under whichever federal law will provide him with the most significant relief. Further, the substance of his claim is not entirely clear to the Court – in one passage of his complaint the plaintiff alleged he was discriminated against because of his race, in another passage he alleged that he was discriminated because he was "talking about a black female." Regardless of its lack of clarity,

1

the Court construes the plaintiff's complaint as one stating a claim for relief under Title VII of the Civil Rights Act of 1964.

Title VII prohibits "employers" from discriminating against any individual because of his "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The Fourth Circuit has held that supervisors in their individual capacity do not fall under the Act's definition of employer. *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180 (1998). In his complaint, the plaintiff named two managers individually, but did not name his actual employer. Because such claims against managers in their individual capacity cannot be brought under Title VII, the plaintiff's complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief might be granted.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is GRANTED and this matter is DISMISSED. The CLERK IS DIRECTED to close the file.

SO ORDERED.

This the __16__ day of August, 2013.

                                TERRENCE W. BOYLE
                                UNITED STATES DISTRICT JUDGE