IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-69-BO

| | |
|---|---|
| ORLANDO CAMPBELL )<br>Plaintiff, )<br>)<br>v. )<br>)<br>CURTIS RHYNE and WILLIE PRIDGEN, )<br>Defendants. ) | O R D E R |

Plaintiff, *pro se,* filed this action against defendants alleging claims for racial discrimination and retaliation. By order entered August 12, 2013, the Court granted defendants' motion to dismiss and dismissed plaintiff's complaint in its entirety. Plaintiff has now moved for reinstatement of his complaint, which the Court will construe as a motion to alter or amend judgment.

## DISCUSSION

Rule 59(e) permits the court to alter or amend its judgment on motion of a party filed within twenty-eight days of the entry of judgment. Fed.R.Civ.P. 59(e). In order to succeed on a motion pursuant to Rule 59(e), the movant must demonstrate that the judgment under reconsideration should be altered or amended. The Fourth Circuit has identified three circumstances that justify altering or amending a judgment: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *See Bogart v. Chappell,* 396 F.3d 548, 555 (4th Cir. 2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1996)).

Plaintiff contends that the Court has singled him out for construing his claims liberally and that the 1991 Civil Rights Act would provide him relief for his allegedly wrongful discharge. Though plaintiff makes it clear in his motion that he is dissatisfied with the dismissal of his complaint, he has pointed to no change in the law, no new evidence, nor any legal error that would cause the Court to reconsider its ruling. Nor has plaintiff demonstrated that manifest injustice would result were his case not to be reinstated. Accordingly, his motion to reinstate his case is denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reinstatement [DE 15] is DENIED.

SO ORDERED, this the 25 day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE